The opinion of the Court was delivered by
Cheves, J.
I think the parol evidence was admissible.[3] The most common, and perhaps the most clear eases, in which parol testimony is admitted, are, where the question turns upon the person of the devisee, or the property devised,. Thus, if a man devise all his lands and tenements, parol evidence will be admissible, to show that he had no freehold estates, and leases’for years will pass ; for otherwise, the will would be void. Knotsford v. Gardiner, 2 Atk. 450. Here the testimony *was admissible to show that there were no rents or income, or what might be the same in effect, very little then due, on which these words c.ould attach, and, therefore,’ that the. will would be void, in this particular, if these words did not embrace an estate in the land itself. , ■
*262 But though this testimony was admissible, I do not think it was calculated to change the construction the Court had before put upon the will. It operated both ways, and perhaps, with nearly equal force. The Court had decided that the words must, on the face of the will, be considered as referable to some rents, and income, which had before accrued; and this testimony did afford proof of a subject on which these words might operate, and (considering the subsequent provision of the widow, the manner and expression of that provision, which seems to contemplate a case which had not before been considered by the testator, viz.: “I now give and bequeath unto my loving and lawful wife, in manner and form following, that is to say,” &c.,) perhaps there was enough to exhaust their operation. But, on the other hand, the foundation of the construction, which the Court put upon the will, was in a great measure, the want of any provision for the children during the life of the mother. Now the testimony was calculated to show (an equivalent argument on the other side) a want of a comfortable subsistence, and provision for the wife. Thus balanced, there remained, as a preponderating circumstance, the fact, that the right of the widow to dower was not affected by the will, and left to her the provision of the common law. Besides, if the debts have swept away a considerable portion of the provision of the widow under the will, the circumstance probably did not come into the contemplation of the testator, and therefore can afford no index to his intention ; for, apparently, apprehending no such deficiency in his estate, he gives a valuable portion of it, considering the amount of the .estate, to his wife’s sister, viz.: a negro girl, absolutely.
3d. Admitting that the prefatory words of the will *charged the real estate with the payment of the debts, that charge only made the lands liable in the hands of the devisee, and in equity; and such charge left the personal estate, not specifically bequeathed, primarily liable. Such clauses in a will, too, in this State, do not effect so much as the general law by which real estate is made liable to the payment of debts, The argument, that the liability.of the real estate to the payment of the debts, and to the satisfaction of a judgment obtained against the personal representative, ought to make it subject to his disposal, in such manner as to make it beneficially applicable, and not necessarily subject, to a foi’ced sale, was very ingenious. I am not prepared to say what may be all the consequences following from such an anomaly as it appears to present; but merely what I believe, has always hitherto been supposed, that it gives no power to the executor either to hold, or to dispose of the real estate. This law, with all its consequences, I believe, 'equally applies to an administrator; and it would shock our legal notions very much, to suppose that an administrator has any concern with the real estate. A Court of Equity perhaps, affords the remedy, both of the executor and the heir, or devisee. The Act of Assembly, which authorizes a sale by the executor, where a sale is directed of real estate, and no person named to make the sale, would seem to show that his general powers give him no control over it, but that he was deemed a fit agent, under the special power which it conveys.
4th. On the last ground of the motion, it is enough to observe, that the decision of this Court, on the point decided, would be so far conclusive, that the Court would not allow it to be again agitated, unless it *263 supposed new light could be thrown upon it; but the judgment of the Court, not being a final judgment in the ease, but only an opinion on a point of law, the1 ease was still open on any new case, varying the question, and the effect of the parol evidence, as perhaps forming a new case, was properly a point for consideration.
Pepoon, for the motion. K. L. Simons, contra.
But, as I think, it made no alteration in the construction, * which, it had been determined, the will should receive on its face, I think there ought to be a new trial.
Coioock, Nott, Gantt, and Johnson, JJ., concurred.

 See 5 Rich.. Eq. 105; 4 Strob. L. 212.